**PRIORITY SEND**

O

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-00083 VAP (DTBx)            Date:  February 22, 2011

Title:     COMMUNITY ASSET RECOVERY ENTERPRISE, LLC -v- JEMES
           MCNULTY
================================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

           Marva Dillard                        None Present
           Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFFS:                            DEFENDANTS:

       None                                None

PROCEEDINGS:        MINUTE ORDER REMANDING ACTION TO THE
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF
                    RIVERSIDE (IN CHAMBERS)

       On January 5, 2011, Plaintiff Community Asset Recovery Enterprise LLC
("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant
James McNulty[1] ("Defendant") in the Superior Court of California, County of
Riverside.  (Not. of Removal at 7.)  On January 10, 2011 Defendant removed the
action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331,
1332.  (<u>See</u> Not. of Removal ¶ 4.)  On January 27, 2011, Plaintiff filed a Motion to
Remand ("Motion").  Defendant filed an opposition, asserting Plaintiff did not serve

_____

       [1]  erroneously sued as "Jemes McNulty."

MINUTES FORM 11                        Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                    Page 1

the Motion on Defendant properly.[2]  The Court finds the matter appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  The Court GRANTS the Motion for the following reasons.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-- Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see FW/PBS, Inc., 493 U.S. at 231 ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendant alleges one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims involve alleged violations of federal law.  (See Not. of Removal ¶ 4.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

---

[2] Assuming, as Defendant contends, that Plaintiff failed to serve Defendant properly, the Court does not consider the arguments asserted in Plaintiff's Motion.  Nevertheless, as Defendant has the burden of demonstrating jurisdiction, and the Court has "an independent obligation to examine [its] own jurisdiction," the Court proceeds here to determine whether, based only on the Notice of Removal and Complaint, the Court has jurisdiction.  FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

EDCV 11-00083 VAP (DTBx)
COMMUNITY ASSET RECOVERY ENTERPRISE, LLC v. JEMES MCNULTY
MINUTE ORDER of February 22, 2011

     Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal ¶ 4.)  Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant does not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

     Defendant has not met his burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court GRANTS Plaintiff's Motion to remand the action to the Superior Court of California for the County of Riverside.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                          Page 3